# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-50076
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL McCORD,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(DR-92-CR-78(1))

(October 10, 1995)

Before Jolly, Jones, and Stewart, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael McCord contends that the district court improperly grouped the counts of his conviction in resentencing. He argues that all counts should have been grouped together as parts of a common scheme or plan. The trial judge, however, concluded that the conviction charges represented two discernible "harms" requiring separate groupings. We affirm.

Grouping of offenses is a question of legal interpretation of the Guidelines. Therefore, we review the district court's grouping of McCord's offenses de novo. United States v. Patterson, 962 F.2d 409, 416 (5th Cir. 1992). Under the Guidelines "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2. This rule includes situations "[w]hen counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(b).

---

Local Rule 47.5 provides: "The publication of opinions that have not precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Counts one and four involve appellant's participation in a plan to take advantage of his position as trustee of the American Bank of Commerce ("ABC") Employee Stock Ownership Plan ("ESOP"). Appellant conspired to acquire and sell shares of ABC to the ESOP in violation of his fiduciary duties. He then concealed his gains by not claiming the proceeds on his income tax return. These activities represent a common scheme victimizing the Internal Revenue Service and the employees enrolled in the plan.

Counts five, six, and eight, on the other hand, concerned the defrauding of ABC. We agree with the district court's decision that the dual groupings reflect the dual nature of the classes of victims and criminal objectives.

Appellant supports his argument for grouping all of the counts together by citing the lower court's denial of a motion for severance prior to the trial. Although both defendants McCord and O.B. Haley, Sr., filed such motions, the court ruled only on Haley's motion to split the offenses between McCord and himself. The order did not address the grouping of sentences and is, therefore, irrelevant for the purposes of this appeal.

AFFIRMED.